FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 17

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In re the Marriage of: | No. 43530-6-II |
| DAWN BAUER, | |
|                Respondent, | |
| v. | UNPUBLISHED OPINION |
| NYLES BAUER, | |
|                Appellant. | |

PENOYAR, J. — Nyles Bauer appeals the trial court's denial of his motion to vacate the parenting plan and child support orders. He contends he did not receive notice of the custody hearing and thus the trial court's orders are void under CR 60(b)(5). Because Mr. Bauer failed to provide meaningful legal argument and citation to the record as RAP 10.3(a)(6) requires and because he failed to provide a sufficient record for review, we affirm.

## FACTS

The trial court orally ruled on Mr. Bauer's and Dawn Bauer's parenting plan issues for their son, E.B., on August 25, 2010. Mr. Bauer's attorney had withdrawn from the case on August 6, 2010, and reappeared on August 25, 2010, the day of the hearing. Mr. Bauer did not attend the hearing.[1]

The trial court entered the findings of facts and conclusions of law, the parenting plan, and the child support order on October 1, 2010. The parenting plan awarded full residential time of E.B. to Ms. Bauer. As a condition of having any contact with E.B., the trial court ordered Mr.

---

[1] It appears from the record that Mr. Bauer was out of the country on the hearing date. *See* CP at 20-23 (e-mails between Mr. Bauer and a friend indicating Mr. Bauer was in either South Korea or Hong Kong until at least August 15); RP at 5-6 (trial court stated Mr. Bauer would have had the opportunity to be present at the hearing if he had been in the court's jurisdiction).

Bauer to have a full forensic psychological evaluation, to enroll in and complete the Parent Protection Group course, and to enroll in and complete a parenting class with a focus on the impact of domestic violence on children. The trial court stated Mr. Bauer could seek professionally supervised contact with E.B after meeting the ordered conditions.

Mr. Bauer filed a motion to vacate the findings of fact and conclusions of law, the parenting plan, and the child support order on May 3, 2012. Mr. Bauer stated it took him one and a half years to file the motion to vacate because he was arrested and spent over 160 days in prison upon his return to the United States and then was admitted to a psychiatric unit for mental health issues.

The trial court denied Mr. Bauer's motion to vacate without oral argument, stating, "I have reviewed the materials filed by the parties and find no reason justifying vacation of the Order entered in this matter." Clerk's Papers at 107. Mr. Bauer appeals.

## ANALYSIS

Mr. Bauer argues the trial court erred when it denied his motion to vacate the findings of fact and conclusions of law, the parenting plan, and the child support order. Specifically, he contends that he did not receive notice of the custody hearing and thus the orders are void under CR 60(b)(5).[2] Because Mr. Bauer failed to provide meaningful legal argument or citations to the record as RAP 10.3(a)(6) requires, and because Mr. Bauer failed to provide a sufficient record to review this issue, we affirm the trial court.

---

[2] Mr. Bauer also argues the findings of fact and conclusions of law, the parenting plan, and the child support order are voidable under CR 60(b)(1)-(3). Motions to vacate under CR 60(b)(1)-(3) must be made "not more than 1 year after the judgment, order, or proceeding." CR 60(b). The trial court entered the orders on October 1, 2010, but Mr. Bauer did not file his motion to vacate until May 3, 2012, more than a year later. Thus, Mr. Bauer's CR 60(b)(1)-(3) argument fails.

Under CR 60(b), a trial court "may relieve a party . . . from a final judgment, order, or proceeding." Generally, a decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's sound discretion and will not be disturbed unless the trial court exercised its discretion on untenable grounds or for untenable reasons. *In re Marriage of Hughes*, 128 Wn. App. 650, 657, 116 P.3d 1042 (2005). However, courts have a mandatory, nondiscretionary duty to grant relief from void judgments. *Ahten v. Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010). Therefore, we review de novo a trial court's decision to grant or deny a CR 60(b)(5) motion to vacate a void judgment. *Ahten*, 158 Wn. App. at 350.

Here, Mr. Bauer cites CR 5(a) and (b)(2), which discuss the requirement of and process for service, and argues he was never given notice of the custody hearing. Mr. Bauer, however, provided no argument or law on what type of notice he should have received for the hearing. Mr. Bauer also did not provide an adequate record of his custody case, in which the trial court asserted jurisdiction in February 2009.[3] The trial court indicated during its oral ruling on the parenting plan that the "court date has been scheduled for a long time," yet Mr. Bauer did not attend the hearing. Report of Proceedings at 5. The trial court also noted that it had ordered Mr. Bauer to attend parenting classes in April 2010, but he failed to so.

---

[3] The record he provided consists only of the trial court's oral ruling on the parenting plan and child support orders; the trial court's written orders; his motion to vacate and its corresponding declaration and exhibits, which include pictures that he states portray Ms. Bauer physically assaulting him at the airport, his exchange of e-mails with a friend while he was in either South Korea or Hong Kong during the time leading up to the parenting plan hearing, notices of his trial attorney's withdrawal and reappearance for the parenting plan hearing, an e-mail from his mother regarding why his attorney reappeared at the parenting plan hearing, and his discharge summary from Providence St. Peter Hospital.

43530-6-II

Based on the trial court's statements at the parenting plan hearing and in its written order, it is clear that the custody case had been active for at least one and a half years; yet, Mr. Bauer failed to provide any information about any prior hearings, court orders, motions, etc. during the custody case that could have provided us with information regarding any notice he may or may not have received regarding the hearing date in August 2010. Accordingly, because Mr. Bauer failed to provide meaningful argument on the notice he should have received, and because he failed to provide a sufficient record for review, we affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Maxa, J.

_____
Lee, J.

4